UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────

UNITED STATES OF AMERICA,

    v.

JOHNNY WILLIAMS,

       Defendant.

                                 21-CR-195-LJV
                                 DECISION & ORDER

───────────────────────────

On April 25, 2023, the defendant, Johnny Williams, pleaded guilty to count one of the second superseding indictment, charging a violation of 21 U.S.C. § 846. *See* Docket Items 271 and 272. Prior to sentencing, Williams requested a new attorney, and this Court granted that request. See Docket Items 422, 423, and 424.

On March 26, 2024, Williams moved to withdraw his guilty plea. Docket Item 449. After the government responded, Docket Item 456, this Court heard oral argument and reserved decision, see Docket Item 476.

For the reasons that follow, this Court denies Williams's motion to withdraw his plea.

## LEGAL STANDARD

Rule 11 of the Federal Rules of Criminal Procedure governs pleas. Rule 11(d) provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show *a fair and just reason* for requesting the withdrawal" (emphasis added). The defendant bears the

burden of showing a fair and just reason for withdrawal.  *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997).

"To determine whether the defendant has proffered a 'fair and just reason' to justify withdrawal, a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea."  *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008).  And the court should consider those criteria carefully because "[s]ociety has a strong interest in the finality of guilty pleas."  *See United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989).  Indeed, "allowing withdrawal of pleas 'undermines confidence in the integrity of our [judicial] procedures . . . . , increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice."  *Id.* (alterations in original) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)); *see also United States v. Arteca*, 411 F.3d 315, 319 (2d Cir. 2005) ("A guilty plea is no mere formality, but a 'grave and solemn act.'" (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997))).

## DISCUSSION

Williams argues that he should be permitted to withdraw his plea because "he was coerced into taking the plea by the actions of his previous attorney."  Docket Item 449 at 3.  More specifically, Williams says he "felt pressured into signing the plea agreement because he did not feel confident in his lawyer representing him at trial based on [the lawyer's] lack of communication and the lack of effort shown to his case."  *Id.* at 6.

2

But Williams's sworn statements at his plea colloquy before this Court belie his claim. Indeed, the Court carefully inquired at the plea colloquy whether Williams was subject to the very sort of coercion he now claims to have suffered.

> THE COURT: Is anyone forcing you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Now if you plead guilty is your decision, it's not your lawyer's decision. You should do what you want to do, not what you think your lawyer wants you to do, not what you think I want you to do, not what you think anybody else wants you to do. This is your decision. Do you want to plead guilty?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And have you decided to plead guilty voluntarily and of your own free will?
>
> THE DEFENDANT: Yes, sir.

Docket Item 436 at 22.

What is more, the Court specifically inquired whether—at the time of the plea colloquy—Williams was satisfied with his former attorney, and Williams indicated that he was. In fact, the Court did so twice:

> THE COURT: Mr. Williams, have you spoken with your lawyer about the charges against you, about your rights, about the proposed plea agreement, and about your options?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with the advice and counsel you've received from him?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, you paused. Is there some dissatisfaction? Are you concerned that you have not been adequately represented?

3

THE DEFENDANT: I don't -- I don't think so.

THE COURT: Okay.  Good.  So you're satisfied?

THE DEFENDANT: Yes, sir.

*Id.* at 15.

* * *

THE COURT: Mr. Williams, are you satisfied with the representation your lawyer has provided to you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you told him everything you know about your case?

THE DEFENDANT: Yes, sir.

THE COURT: Do you believe he's fully thought about any defenses you may have?

THE DEFENDANT: I don't know.

THE COURT: Well, what do you think?  Have you talked to him about defenses you might have?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Do you think he's thought about those defenses?

THE DEFENDANT: Yes, sir.

THE COURT: Has he fully advised you about the case?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to talk to him about it?

THE DEFENDANT: Yes, sir.

THE COURT: Have all your answers to all my questions been the truth?

4

> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you understood everything I've said and every question that you've answered?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you think you understand the consequences to you of pleading guilty?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you think you're competent to make this decision?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you know of any reason at all that I should not accept your plea?
>
> THE DEFENDANT: No, sir.

*Id.* at 73-75.

And the Court ensured that Williams was not rushed into taking the plea. Because Williams originally stated that he wanted to go to trial and then changed his mind after the terms of the plea offer were clarified, *id.* at 2-7, the Court suggested that counsel take some time to go over the agreement "paragraph by paragraph" with the defendant, *id.* at 9.  In fact, the Court explicitly said,

> I don't want to rush the defendant into something right now. So, what I will do is give you an opportunity to take some time to talk to him about this right now, to go over it paragraph by paragraph right now, and then as soon as you're done, I will come back, and we will take the plea or decide we're going to trial.

*Id.* at 8-9.  It was only after both defense counsel and the defendant himself assured the Court that they already had gone over the plea agreement in detail and were "ready now" that the plea colloquy proceeded.  *Id.* at 9.

Sworn "statements under oath during a plea allocution . . . must be given presumptive force of truth."  *Mejia v. United States*, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010).  Thus, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."  *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).  Such is the case here.  Williams's claim that he was rushed and coerced into pleading guilty by his previous attorney is directly contradicted by his statements to this Court under oath.

Moreover, as the government observes, all three factors that color whether there is a fair and just reason to withdraw a plea weigh against allowing withdrawal.  *See Doe*, 537 F.3d at 210.  Williams did not write to the Court complaining about his counsel until nearly seven months after his plea, and he did not move to withdraw his plea until almost a year after he pleaded guilty.  *See* Docket Item 272, 419, 423, 449.  Williams has not made any claim of actual innocence either in his letters or in his motion.  *See* Docket Items 419, 423, and 449.  And the government would suffer substantial prejudice were Williams allowed to withdraw his plea:  All of the remaining co-defendants have pleaded guilty, and the government therefore "would be forced to reschedule witnesses, reassign Special Agents, and devote resources back into the trial of this matter for a second time."  Docket Item 456 at 21.

## CONCLUSION

For all those reasons, Williams has not shown any fair and just reason to withdraw his plea.  His motion, Docket Item 449, therefore is DENIED.  The Court will schedule a date for sentencing.

SO ORDERED.

Dated:   July 17, 2024
          Buffalo, New York


                                                _/s/ Lawrence J. Vilardo_
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE